UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLLAND HARDAWAY,

           Petitioner,

v.                                        CASE NO. 01-CV-70230-DT
                                        HONORABLE GEORGE CARAM STEEH

KENNY ROBINSON,

            Respondent.
_____/

**ORDER
(1) VACATING THE COURT'S PRIOR JUDGMENT,
(2) REQUIRING AN ANSWER TO THE HABEAS PETITION,
AND (3) DENYING PETITIONER'S MOTIONS FOR DISCOVERY
AND TO AMEND THE HABEAS PETITION**

**I. Introduction**

Petitioner initiated this action by filing a habeas corpus petition, which challenged his state conviction for second-degree murder and felony firearm. The Court dismissed the habeas petition on March 8, 2002, after concluding that Petitioner did not comply with the one-year statute of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). Petitioner appealed the Court's decision, but the United States Court of Appeals for the Sixth Circuit declined to grant a certificate of appealability, and on March 24, 2003, the Supreme Court denied Petitioner's application for a writ of certiorari.

On June 28, 2004, Petitioner filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). He argued that the Court erred when it concluded in its dispositive opinion that he filed his claim of appeal on July 12, 1994. The Court granted Petitioner's motion to the extent that it was willing to reconsider whether its judgment rested on a defective

foundation. The Court then ordered Respondent to show cause why he should not be required to answer the merits of Petitioner's habeas claims.

Respondent subsequently filed an answer to the Court's order and a supplemental record consisting of the trial court's record. Petitioner then filed the pending motions to compel discovery and to amend the habeas petition. The motion to compel discovery seeks documents and entries from the state court file. Petitioner apparently wants to demonstrate that his claim of appeal was filed earlier than what the Court stated in its dispositive opinion. The motion to amend seeks to supplement the habeas petition with a claim that Petitioner was denied his right to a speedy appeal.

## II. Discussion

The Court must consider whether the trial court entered an order appointing appellate counsel before July 12, 1994, or whether Petitioner filed a claim of appeal before July 12, 1994. If either event occurred, the Court miscalculated the date when Petitioner's ability to pursue a direct appeal expired and his convictions became final. That date is critical because it triggers the date on which the federal statute of limitations began to run. *See* 28 U.S.C. § 2244(d)(1)(A) (explaining that the one-year period of limitation runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

### A. The Absence of an Order Appointing Appellate Counsel

An order appointing counsel serves as a substitute for a claim of appeal. *See* Mich. Ct. R.

6.425.[1]  The record before the Court, however, does not include an order appointing appellate counsel for Petitioner.[2]  Instead, the record indicates that Petitioner retained appellate counsel. Petitioner himself stated in a letter to the trial court on July 25, 1995, that "[i]mmediately following sentencing, my family retained Paul Curtis to perfect an appeal of right."  Thus, there is no basis for concluding that an order appointing counsel served as a claim of appeal in this

---

[1]  This rule reads in pertinent part:

(3) *Order as Claim of Appeal; Trial Cases.*  In a case involving a conviction following a trial, if the defendant's request for a lawyer, timely or not, was made within the time for filing a claim of appeal, the order described in subrules (G)(1) and (2) must be entered on a form approved by the State Court Administrative Office, entitled "Claim of Appeal and Appointment of Counsel," and the court must immediately send to the Court of Appeals a copy of the order and a copy of the judgment being appealed.  The court also must file in the Court of Appeals proof of having made service of the order as required in subrule (G)(2).  *Entry of the order by the trial court pursuant to this subrule constitutes a timely filed claim of appeal for purposes of* MCR 7.204.

Mich. Ct. R. 6.425(G)(3) (emphasis added).

[2]  The trial court's file does include a paper with the following entry:

JUN 30 1994 (Retained)

Petition for appointment of counsel is approved.  Order filed appointing Paul D. Curtis (029737) counsel for appellate review and for transcript at public expense. Copies to Prosecutor, Counsel, Stenographer and Defendant.

HON. KAREN FORT HOOD

This notation appears to be a standard rubber-stamped entry.  The words "retained" and "Paul D. Curtis (029737)" are handwritten on the entry.  While the entry could be interpreted to mean that the trial court appointed Mr. Curtis to represent Petitioner on June 30, 1994, the state court record does not contain an actual order appointing appellate counsel.  Moreover, the handwritten notation  "retained" suggests that counsel was actually retained, not appointed.  The matter is of no consequence in any event because the Court has determined that Petitioner filed his claim of appeal before July 12, 1994.

case. The Court nevertheless finds for the reason given below that Petitioner filed a claim of right before July 12, 1994.

### B. The Date on Which the Claim of Appeal was Filed

A defendant in a criminal case has one year in which to apply for leave to appeal in the Michigan Court of Appeals. Mich. Ct. R. 7.205(F)(3). When the Court calculated Petitioner's one-year deadline for pursuing a direct review, the Court used July 12, 1994, as the date of the claim of appeal. In its subsequent order to show cause, the Court questioned whether the claim of appeal actually was filed twelve days earlier on June 30, 1994, as indicated on the trial court's docket.

The supplemental record filed by Respondent indicates that Petitioner's attorney, Paul Curtis, submitted a claim of appeal to the trial court's appellate clerk on June 29, 1994. On the following day, June 30, 1994, the trial court made an entry on its docket indicating that a claim of appeal had been filed. On July 11, 1994, the appellate section of the trial court acknowledged receipt of the claim of appeal and notified Mr. Curtis that he was required to submit a filing fee of $25.00 with his claim of appeal. Mr. Curtis then prepared another claim of appeal, which he signed on July 12, 1994.

Although Petitioner's attorney failed to pay the appellate filing fee with his first claim of appeal, the trial court's docket reflects only the first claim of appeal, that is, the one filed on June 30, 1994. The trial court apparently deemed the filing date for the claim of appeal to be June 30, 1994, not July 12, 1994. This Court therefore erred in concluding that the only claim of appeal was the one filed on July 12, 1994. As a result, the Court miscalculated the date when Petitioner's convictions became final and the length of time that the statute of limitations ran.

The statute of limitations ran twelve days less than what the Court originally believed. In other words, the statute ran 358 days, or less than a year, not 370 days as stated in the dispositive opinion.

Furthermore, after the Court issued its dispositive opinion and order on March 8, 2002, the United States Court of Appeals for the Sixth Circuit held that "the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003), *cert. denied*, 541 U.S. 1070 (2004). If *Abela* had been decided before the Court issued its dispositive opinion, the Court would have been required to toll the limitations period for an additional ninety days after each of Petitioner's state collateral appeals. The ninety days would have represented the time during which Petitioner could have applied for a writ of certiorari in the United States Supreme Court.

### III.  Conclusion

To summarize, the Court believes that it erred when it concluded that the statute of limitations ran more than one year and that Petitioner's habeas petition was untimely. Accordingly, the Court VACATES its opinion and order dated March 8, 2002, and the judgment entered on the same day. Respondent is ordered to file an answer to the habeas petition within **forty-five (45) days** of the date of this order.

Petitioner's motion for discovery [Doc. #48, Apr. 5, 2005] is DENIED as moot. His motion to amend the habeas petition [Doc. #52, June 27, 2005] is DENIED because he has not exhausted state remedies for his new claim regarding the lack of a speedy appeal. *See* 28 U.S.C.

§ 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

                          S/George Caram Steeh
                          GEORGE CARAM STEEH
                          UNITED STATES DISTRICT JUDGE

Dated: March 23, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 23, 2006, by electronic and/or ordinary mail.

                          S/Josephine Chaffee
                          Secretary/Deputy Clerk