UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HOLLAND HARDAWAY,

                Petitioner,

v.                                          CASE NO. 01-CV-70230-DT
                                          HONORABLE GEORGE CARAM STEEH

KENNY ROBINSON,

                Respondent.

_____/

**ORDER GRANTING IN PART A CERTIFICATE OF APPEALABILITY
AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

      Petitioner Holland Hardaway has appealed the Court's Opinion and Order denying his

Petition for the Writ of Habeas Corpus. The habeas petition challenges Petitioner's murder

conviction on four grounds. The Court concluded in its dispositive opinion that Petitioner's

claims lacked merit and did not warrant habeas relief. Currently pending before the Court are

Petitioner's Motion for a Certificate of Appealability (COA) and his application to proceed *in

forma pauperis* on appeal.

**I. Standard of Review**

      "[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic

right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must

first seek and obtain a COA." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A COA may

issue "only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a COA will issue in some

instances where there is no certainty of ultimate relief. After all, when a COA is sought, the

whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at

337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Courts must either issue a COA indicating which issues satisfy the required showing or

provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P.

22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). "Where a

district court has rejected the constitutional claims on the merits, the showing required to satisfy

§ 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong." *Slack v.

McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of

reason might agree, after the COA has been granted and the case has received full consideration,

that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

## II. Application

### A. The Jury Instructions

The first habeas claim challenges the supplemental jury instructions read to the jurors

when they were unable to reach a decision. Petitioner's constitutional attack focused on one

sentence of the judge's instruction stating, "You will deliberate for as long as necessary for you

to reach agreement."

This Court determined that the supplemental instructions as a whole were not coercive.

The Court noted that, although the comment, "You will deliberate for as long as necessary for

you to reach agreement," may have been ill advised, the trial court also stated that none of the

jurors should give up an honest belief about the weight or effect of the evidence for the sake of

reaching an agreement.

Reasonable jurists could debate the Court's assessment of Petitioner's claim that the trial court coerced the jury's verdict, because the court instructed the jury to continue deliberating even though the jury twice informed the trial court that it was hopelessly deadlocked. At a minimum, the issue warrants encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 674 (2004). Therefore, a COA will issue on Claim I.

**B. Failure to Re-Read Testimony and Defense Counsel's Failure to Object**

The second habeas claim alleges that the trial court erroneously denied the jury's request to re-read the medical examiner's testimony and the parties' stipulation regarding the report submitted by the surgeon who operated on the deceased victim before his death. Petitioner also alleges that his trial attorney should have objected to the trial court's refusal to re-read those items.

The Court found no merit in these claims because the decision whether to read back testimony or to provide the jury with a transcript of testimony generally is discretionary with the trial court and is not based on constitutional principles. *Bradley v. Birkett*, 192 Fed. Appx. 468, 477 (6th Cir. Aug. 21, 2006) (unpublished). The Court concluded that defense counsel was not ineffective, because the medical examiner's testimony and the surgeon's report were not entirely favorable to Petitioner. Reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. Therefore, a COA will not issue on Claim II.

**C. The Prosecutor**

Petitioner alleges that the prosecutor improperly cross-examined him about his girlfriend's arrest and made comments that were not supported by the evidence. The Court found no merit in this claim because the prosecutor's comments that Petitioner was a vigilante

3

and that the victim was shot in the back were proper remarks. The prosecutor's question about whether Petitioner's girlfriend had been convicted of carrying a concealed weapon may have been improper, but the trial court's cautionary jury instruction cured any error resulting from the question. Reasonable jurists would all agree. Therefore, a COA will not issue on Claim III.

### D. Appellate Counsel

Petitioner's final habeas claim alleges that his first appellate attorney was ineffective for failing to file a timely appellate brief. The Court determined that the appellate attorney's performance was defective, because the attorney's inaction deprived Petitioner of his appeal of right. *White v. Schotten*, 201 F.3d 743, 752 (6th Cir. 2000), *overruled on other grounds by Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005), *cert. denied*, __ U.S. __, 126 S. Ct. 1880 (2006); *Deitz v. Money*, 391 F.3d 804, 810 (6th Cir. 2004). The Court nevertheless concluded that the attorney's deficient performance did not prejudice the appeal because the three-tiered review of Petitioner's claims during state collateral proceedings was an adequate substitute for Petitioner's direct appeal. *Walker v. McKee*, 366 F. Supp. 2d 544, 549 (E.D. Mich. 2005) (Gadola, J.); *Bair v. Phillips*, 106 F. Supp. 2d 934, 943 (E.D. Mich. 2000) (Duggan, J.). Reasonable jurists have disagreed. *See Benoit v. Bock*, 237 F. Supp.2d 804, 812 (E.D. Mich 2003) (Lawson, J.) (concluding that "[t]he petitioner's constitutional right to the assistance of counsel on his direct appeal was violated when his attorney abandoned the petitioner's appeal of right . . . ."). Accordingly, a COA may issue on Claim IV.

## III. Conclusion

Petitioner's Motion for a COA [Doc. 62, Jan. 30, 2008] is granted in part and denied in part. A COA may issue on Claim I regarding the jury instructions and Claim IV regarding

appellate counsel. The Court declines to issue a COA on claims II and III regarding the failure

to re-read testimony and a report to the jury, defense counsel's failure to object, and the

prosecutor's conduct. Petitioner's Application to Proceed without Prepayment of Fees and Costs

[Doc. 63, Jan. 30, 2008] is GRANTED, because his claims are not frivolous and can be taken in

good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B); *United States v. Youngblood*,

116 F.3d 1113, 1115 (5th Cir. 1997).


Dated: February 6, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 6, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk